UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

          Plaintiff,          Case No.

v.          Hon.

MACKENZIE'S ANIMAL SANCTUARY,
INC., SIERRA CLUB, NORDIC TRUST,
PAWS WITH A CAUSE, and HAROLD
JOHNS, SR., as personal representative of the
Estate of Charlotte Robinson,

          Defendants.

Neil J. Marchand (P73118)
D. Andrew Portinga (P55804)
Miller Johnson
Attorneys for Plaintiff
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI  49503
(616) 831-1700
marchandn@millerjohnson.com
portingaa@millerjohnson.com

## Complaint for Interpleader

Plaintiff, Unum Life Insurance Company of America ("Unum") for its Complaint for Interpleader against MACKENZIE'S ANIMAL SANCTUARY, INC., SIERRA CLUB, NORDIC TRUST, PAWS WITH A CAUSE, and HAROLD JOHNS, SR., as personal representative of the Estate of Charlotte Robinson, states:

## **GENERAL ALLEGATIONS**

1. This is an action for interpleader to determine entitlement to the Life Insurance benefits payable under a group insurance policy issued by Unum, which Unum stands ready to pay when directed by the Court.

2. This action arises under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 et seq., because the group insurance policy under which benefits are payable was part of an employee benefit welfare plan. Jurisdiction is based upon 29 U.S.C. § 1132(e)(1). This Court has jurisdiction over an ERISA benefit actions.

3. Defendants Paws with a Cause and Mackenzie's Animal Sanctuary reside within the Western District of Michigan and a substantial part of the events giving rise to the claim occurred in the Western District of Michigan. Venue is therefore proper in this Court under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1397.

## **The Policy**

4. Unum issued Group Insurance Policy No. 413440 (the "Policy") to MINACT, INC., providing group life insurance benefits to eligible employees. (**Exhibit 1**.) The Policy states:

> At the time you become insured, you should name a beneficiary on your enrollment form for your death benefits under your life insurance. You may change your beneficiary at any time by filing a form approved by Unum with your Employer. The new beneficiary designation will be effective as of the date you sign that form. [ . . . ]
>
> It is important that you name a beneficiary and keep your designation current. [ . . . ] If you do not name a beneficiary, or if all named beneficiaries do not survive you, or if your named beneficiary is disqualified, your death benefit will be paid to your estate.

5. In 2011, Charlotte Robinson (the "Decedent"), then employed by MINACT, Inc., enrolled for coverage under the Policy, became eligible for benefits thereunder, and completed the beneficiary designation form attached as **Exhibit 2**. The Decedent named Nordic Trust, Sierra Club, Paws with a Cause, and Mackenzie's Animal Sanctuary as equal beneficiaries of the Policy.

6. At the time of her death, the total amount of coverage for which the Decedent was eligible was $29,500.00 in life insurance coverage.

7. On information and belief, on November 12, 2017, Charlotte Robinson died of natural causes. A copy of the Certificate of Death is attached as **Exhibit 3**.

8. On or about January 19, 2018, MINACT, Inc. filed a claim for the life insurance benefits under the Policy.

9. On December 1, 2017, Defendant Harold Johns, Sr., was named Personal Representative of the Estate of Charlotte Robinson. A copy of the Letters of Authority appointing Harold Johns, Sr. as Personal Representative is attached as **Exhibit 4**.

## COUNT I – INTERPLEADER

10. Unum incorporates in Count I its allegations contained in paragraphs 1-9 above as if fully set forth herein.

11. The claim for life insurance benefits submitted by MINACT, Inc. included a beneficiary designation naming Nordic Trust, Sierra Club, Paws with a Cause, and Mackenzie's Animal Sanctuary as equal beneficiaries of the Policy. (**Exhibit 2**.)

12. In February 2018, Unum contacted Harold Johns, Sr. to seek assistance identifying one of the entities named on the Decedent's beneficiary designation. At that time, Mr. Johns notified Unum that he had filed an action in probate court to administer the

Decedent's estate and that he is contesting the payment of life insurance benefits to anyone other than the Decedent's estate.

13. On information and belief, Defendant Harold Johns, Sr., as Personal Representative of the Estate of Charlotte Robinson, claims to be the sole beneficiary of benefits payable under the Policy and as such, claims to be entitled to the life insurance benefits for which the Decedent was eligible.

14. On information and belief, Defendant Nordic Trust claims to be a one-fourth beneficiary of benefits payable under the Policy and as such, claims to be entitled to the life insurance benefits for which the Decedent was eligible.

15. On information and belief, Defendant Sierra Club claims to be a one-fourth beneficiary of benefits payable under the Policy and as such, claims to be entitled to the life insurance benefits for which the Decedent was eligible.

16. On information and belief, Defendant Paws with a Cause claims to be a one-fourth beneficiary of benefits payable under the Policy and as such, claims to be entitled to the life insurance benefits for which the Decedent was eligible.

17. On information and belief, Defendant Mackenzie's Animal Sanctuary claims to be a one-fourth beneficiary of benefits payable under the Policy and as such, claims to be entitled to the life insurance benefits for which the Decedent was eligible.

18. Unum is an innocent stakeholder and is unable to determine which of the adverse claimants is entitled to Decedent's life insurance benefits payable under the Policy. As a result, Unum faces the threat of multiple litigation and multiple liability.

19. Unum stands ready to pay the appropriate party and sum due under the Policy. The adverse claims to the Decedent's insurance benefits under Policy have lead Unum, which claims no beneficial interest in the proceeds, to refrain from making payment.

20. Unum seeks to have the adverse claimants interplead and resolve their competing claims to the Decedent's death benefits under the Policy and to be discharged from all further liability in this litigation.

21. Unum will file a Motion for Leave to Deposit, pursuant to the Rules of this Court, $29,500.00 with this Court.

WHEREFORE, Unum asks that judgment be entered in its favor and that:

A. The Court order each of the claimants to interplead and settle among themselves their respective rights and claims to the Decedent's insurance benefits under the Policy;

B. The Court enjoin and restrain each of the claimants from instituting any other proceedings against Unum with respect to the Policy;

C. In the event that it is determined that any other person or entity not yet joined as a party to this action may make a claim for, or be entitled to, the Decedent's insurance benefits under the Policy, that they be joined and subjected to Paragraph B of this request for relief;

D. Unum be fully and finally discharged from all liability as to the Decedent's death benefits under the Policy and dismissed from this action;

E. Unum be awarded attorney fees, disbursements and such other and proper costs and charges incurred in connection with this action, and be awarded such other and further relief as the Court shall deem to be just.

MILLER JOHNSON
Attorneys for Unum

Dated: June 13, 2018                By   /s/ Neil J. Marchand
                                             Neil J. Marchand (P73118)
                                             D. Andrew Portinga (P55804)
                                    Business Address:
                                             45 Ottawa Avenue SW, Suite 1110
                                             PO Box 306
                                             Grand Rapids, Michigan  49501-0306
                                    Telephone:  (616) 831-1700